UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 22-11126-FDS |
| v. | ) ) ) | |
| HILLARY MABARDY and MICHAEL G. MABARDY, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

**SAYLOR, C.J.**

This is a dispute over the rightful beneficiary of the proceeds of a life-insurance policy.

New York Life Insurance Company issued a policy on the life of Michael S. Mabardy, the decedent. It brought this interpleader action to resolve conflicting claims for the policy proceeds by his widow, Hillary Mabardy, and his father, Michael G. Mabardy. Jurisdiction is based on diversity of citizenship.

New York Life deposited the proceeds of the policy with the court and was dismissed from the proceeding following a joint motion. (Order for Interpleader and Other Relief ¶¶ 1, 5). Both defendants have filed cross-claims and motions for summary judgment, each seeking to be awarded the policy proceeds.

For the following reasons, the Court concludes that Hillary Mabardy is the rightful beneficiary. Accordingly, Hillary Mabardy's motion for summary judgment will be granted, and Michael G. Mabardy's motion for summary judgment will be denied.

I.     **Background**

    A.     **Factual Background**

The following facts are undisputed.

        1.     **The Parties**

New York Life Insurance Company is a New York corporation with a principal place of business in New York. (Amend. Compl. ¶ 1).

Hillary Mabardy is a Massachusetts resident and the widow of Michael S. Mabardy. (*Id.* ¶ 2).

Michael G. Mabardy is a Massachusetts resident and the father of Michael S. Mabardy. (*Id.* ¶ 3).

        2.     **The Insurance Policy**

On December 11, 2012, Michael S. Mabardy applied for a whole-life insurance policy with New York Life. (Amend. Compl. Ex. A at 25). New York Life issued a policy to him on January 23, 2013. (Statement of Material Facts Ex. C at 2). The policy listed Hillary Mabardy as the sole primary beneficiary. (*Id.*). On May 23, 2020, the policy lapsed for failure to pay the required premium. (Amend. Compl. Ex. D at 1). Under the terms of the policy, New York Life converted the net cash value of the plan to purchase $97,412 of extended-term insurance expiring on May 21, 2031. (*Id.*).

Michael S. and Hillary Mabardy were married on September 27, 2014. (Statement of Material Facts Ex. A at 2). On August 2, 2018, Michael brought an action for divorce in the Middlesex Probate and Family Court. (*Id.*). Pursuant to Probate and Family Court rules, the Probate Court issued an automatic restraining order ("ARO") prohibiting him from "[c]hanging the beneficiary of any life insurance policy . . . except with the written consent of the other party or by Order of the Court." (Statement of Material Facts Ex. B at 2); *see* Supp. R. Prob. & Fam.

2

Ct. 411(a)(3). The ARO stated, "FAILURE TO COMPLY WITH THIS ORDER MAY BE DEEMED A CONTEMPT OF COURT." (*Id.*).

At the outset of the divorce proceeding, Hillary Mabardy remained the sole primary beneficiary of the life-insurance policy. (*See* Amend. Compl. ¶¶ 9-10). On August 31, 2018—after the ARO was issued—Michael changed the sole primary beneficiary of the policy to his father, Michael G. Mabardy. (Statement of Material Facts Ex. D at 2).

Michael S. Mabardy died on April 19, 2022, while the divorce proceeding was still pending. (Amend. Compl. ¶ 17).

### B. Procedural Background

On July 13, 2022, New York Life filed a complaint in interpleader seeking to deposit the $97,412 death benefit with the court and be dismissed from the action.

On February 15, 2023, the parties filed a joint motion for interpleader, which the Court granted. The funds were then deposited with the court.

Hillary Mabardy and Michael G. Mabardy have cross-moved for summary judgment, each seeking the proceeds from the policy.

## II. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)

(citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotations omitted). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### III.  Analysis

The ARO prohibited Michael S. Mabardy from changing his life-insurance beneficiary without "the written consent of [Hillary Mabardy] or by Order of the Court." (Statement of Material Facts Ex. B at 2). Neither Hillary Mabardy nor the Probate Court authorized him to do so. Thus, his actions were unlawful. *See Genworth Life & Annuity Ins. Co. v. Leonelli-Elmer*, 478 F. Supp. 3d 103, 105 (D. Mass. 2020) (holding that ARO prevented husband's life-insurance policy beneficiary from changing during divorce proceedings); *Bedell v. Bedell*, 452 Mass. 1009, 1009 (2008) ("If [husband] had passed away before the divorce proceedings concluded and he had not been released from the provisions of the restraining order, the assets in question would have passed to [his wife] rather than to his children.").

Michael G. Mabardy contends that when an ARO is violated, the only remedy is to file a complaint with the Probate Court for contempt in the underlying divorce action. Because the death occurred before the entry of a final judgment, the divorce action was dismissed. Thus, he argues, the death of his son leaves Hillary Mabardy without a remedy. That argument, however, has been rejected on multiple occasions.

> Although contempt is specified as a remedy, it does not follow that contempt is the only remedy [for an ARO]. As this case shows, contempt might not always be an adequate deterrent to those who would defy the orders of probate court. In

> fact, Massachusetts courts often use equitable remedies to enforce rights and undo actions taken in defiance of divorce decrees, reasoning that such actions constitute a fraud on the court.

*Unicare Life & Health Ins. Co. v. Phanor*, 472 F. Supp. 2d 8, 14-15 (D. Mass. 2007) (citing *Foster v. Hurley*, 444 Mass. 157 (2005); *Hurlbut v. Hurlbut*, 40 Mass. App. Ct. 521 (1996)); *see also Aetna Life Ins. Co. v. Guilford*, 2008 WL 11511491, at *4 (D. Mass. Apr. 15, 2008) (adopting *Phanor*'s "meticulous point-by-point analysis").

> Decedent should not be allowed to accomplish an unlawful modification of assets by dying before the entry of a final judgment. For this reason, it is appropriate to interpret the ARO as an order conferring enforceable and meaningful rights on the parties to a divorce.

*Phanor*, 472 F. Supp. 2d at 15.

Michael G. Mabardy contends that *Phanor* and *Guilford* are inapposite because they concern life-insurance policies provided through plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See id.*; *Guilford*, 2008 WL 11511491, at *2. That fact, however, does not require a different result.

The *Phanor* and *Guilford* courts did first address whether ERISA preempts an ARO that prohibits changes to a life-insurance beneficiary. *Phanor*, 472 F. Supp. 2d at 11; *Guilford*, 2008 WL11511491, at *3. Both courts held that the AROs—which were identical to the one at issue here—avoided preemption as "Qualified Domestic Relations Order[s] under ERISA." *Phanor*, 472 F. Supp. 2d at 14; *Guilford*, 2008 WL 11511491, at *4 (quoting *Phanor*, 472 F. Supp. 2d at 14).

Having found that the AROs were applicable, the *Phanor* and *Guilford* courts next addressed the same question presented in this case: whether a life-insurance beneficiary change made during a divorce proceeding, in violation of an ARO, cannot be challenged when the insured dies before the entry of a final judgment by the Probate Court. *Phanor*, 472 F. Supp. 2d

5

at 15; *Guilford*, 2008 WL 11511491, at *5. Both courts held that a decedent could not accomplish an unlawful modification of life-insurance proceeds by dying before the entry of a final judgment. *Phanor*, 472 F. Supp. 2d at 15; *Guilford*, 2008 WL 11511491, at *5. "Because such an ARO must be enforceable, and because Massachusetts courts likely would enforce it using equitable remedies, it is appropriate to allow the [ARO] to undo subsequent unlawful changes in Decedent's life insurance policy." *Phanor*, 472 F. Supp. 2d at 16; *see also Guilford*, 2008 WL 11511491, at *5. This Court agrees with that reasoning, and will follow it here.

Michael G. Mabardy further contends that ARO enforcement would unfairly afford Hillary Mabardy the mutually exclusive advantages of being both a divorcing party and a surviving spouse. She was, in fact, a surviving spouse, as the divorce was not final; however, that fact is immaterial. This case involves a contract, and whether an attempted modification of that contract was lawful and enforceable. Michael S. Mabardy could have changed the beneficiary at any point before the ARO took effect, but did not. Instead, he violated the ARO that prohibited modification of the policy. Because that attempted violation was unlawful and unenforceable, the Court will not give it legal effect. Accordingly, Hillary Mabardy is entitled to the life-insurance proceeds in accordance with the policy terms.

### IV.   Conclusion

For the foregoing reasons, Hillary Mabardy's motion for summary judgment is GRANTED, and Michael G. Mabardy's motion for summary judgment is DENIED. If no appeal of the judgment is taken within the time allowed by rule, the Clerk shall release the interpleaded funds, together with interest, to Hillary Mabardy.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  June 27, 2023 | Chief Judge, United States District Court |